IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

        Plaintiff,

    V.

**EDMOND E SALERA, ET AL.,**

        Defendants.

NO. **2:09–CV–02290–GEB–DAD**

<u>ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u>

    This action has been assigned to Judge Garland E. Burrell, Jr. Pursuant to the provisions of Federal Rule of Civil Procedure 16, IT IS ORDERED that:

    1. A status (pretrial scheduling) conference is set for November 30, 2009 at 09:00 AM, before Judge Burrell in Courtroom 10 of the above-entitled court;

    2. All parties to the action shall appear by counsel (or in person if acting without counsel; however, pursuant to Local Rule 83-183, a corporate party or other entity may not appear in <u>propria persona</u> and must appear through counsel);

    3. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and <u>upon all parties subsequently joined by plaintiff</u>, a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service. Any party who impleads a third party defendant shall serve upon that party a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service;

4. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties named herein and <u>upon all parties subsequently joined,</u> a copy of this order and shall file with the Clerk of Court a certificate reflecting such service;

5. At least twenty-one (21) calendar days before the scheduling conference is held, the parties shall confer and develop a proposed discovery plan, as required by Federal Rule of Civil Procedure 26(f);

6. The parties shall file a Joint Status Report with the court not later than fourteen (14) days prior to the scheduling conference.[1] The report shall briefly set forth the views of each party on the following matters:

    a) Status of service of process on parties not yet served;

    b) Possible joinder of additional parties;[2]

    c) Anticipated amendment of pleadings;

    d) The basis for jurisdiction and venue;

    e) Anticipated motions with suggested dates;

    f) Anticipated and outstanding discovery;[3]

    g) A written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f). The discovery plan shall indicate the parties' views and proposals concerning:

---

[1] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

[2] Plaintiff(s) shall indicate in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered. Failure to set forth specific information regarding the time Plaintiff(s) needs to identify any "Doe" defendants will be deemed an abandonment of any claims against such defendants, and a dismissal order will follow.

[3] Federal Rule of Civil Procedure 26 requires, absent a contrary stipulation, initial disclosures to be made as provided in that Rule. Any objection to the initial disclosures and the basis therefor must be included in the Joint Status Report.

```
      (1) what changes should be made in the timing,
          form, or requirement for disclosures under Rule
          26(a), including a statement as to when
          disclosures under subdivision (a)(1) were made
          or will be made;

      (2) the subjects on which discovery may be
          needed, when discovery should be completed, and
          whether discovery should be conducted in phases
          or be limited to or focused upon particular
          issues; and

      (3) what changes should be made in the
          limitations on discovery imposed under the
          Federal Rules of Civil Procedure or the Local
          Rules, and what other limitations should be
          imposed;

  h) Scheduling of future proceedings, including
     suggested timing of the disclosures of expert
     witnesses and information required by Rule 26(a)(2),
     completion dates for discovery and law and motion,
     and dates for final pretrial conference and trial;[4]

  i) Estimate of trial time;

  j) Appropriateness of special procedures such as
     reference to a special master or agreement to try
     the matter before a magistrate judge pursuant to 28 U.S.C.
     § 636(c);

  k) Modification of standard pretrial procedures because
     of the simplicity or complexity of the case;

  l) Whether the case is related to any other case
     on file in this district, including the bankruptcy
     courts of this district;

  m) Prospects for settlement, including whether a
     settlement conference should be scheduled and
     whether the parties will stipulate to the trial
     judge acting as settlement judge;
```

---

[4] In completing this portion of the status report, the parties are advised that Judge Burrell's typical pretrial scheduling procedures require: 1) that initial expert disclosures be made 150 days prior to the completion of discovery; 2) that rebuttal expert disclosures be made 120 days prior to the completion of discovery; 3) that discovery be completed 90 days prior to the final pretrial conference; 4) that law and motion is cut off 60 days before the final pretrial conference; and 5) that the final pretrial conference will be held 90 days before the trial.

n) Any other matter that may be conducive to the just and expeditious disposition of the case.

    7. Following the status conference, a formal order will be issued regarding future proceedings in the case. Requests to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

    8. The parties are advised that <u>failure to file a Joint Status Report in accordance with this order may result in the imposition of sanctions.</u>

    9. The parties are required to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case. L.R. 16-160. In addition to notifying chambers orally, the parties shall file a notice of settlement in the Clerk's Office within three (3) days which sets forth a date by which dispositional documents will be filed.

    10. Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). Any party that does not oppose the granting of the motion shall file a statement of non-opposition as required by Local Rule 78-230(c). <u>The failure to file an opposition or statement of non-opposition in accordance with Local Rule 78-230(c) may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily. Brydges v. Lewis,</u> 18 F.3d 651, 652-53 (9th Cir. 1994).

IT IS SO ORDERED.

DATE:   August 19, 2009

                  GARLAND E. BURRELL, JR.
                  UNITED STATES DISTRICT JUDGE

                   by: /s/ J. Streeter
                  Deputy Clerk