IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMOND E. SALERA; LOIS AMOS MODRICH, f/k/a/ LOIS E. AMOS; JOSEPH BOWER; CHASE HOME FINANCE, LLC; and ROBERT HOGUE (or his successor trustee), as Trustee of BELLA VISTA CHIROPRACTIC TRUST, TRI COUNTIES BANK,<br><br>        Defendants. | 2:09-cv-02290-GEB-DAD<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT[*] |

        Plaintiff moves to amend its Complaint under Federal Rule of Civil Procedure ("Rule") 15(a)(2) to "reflect the substantially changed circumstances since the original Complaint was initially filed, including elimination of foreclosure claims and all [D]efendants with the exception of Edmond Salera." (Mot. to Amend 1:26—2:1.) Defendants do not oppose the motion.

        Under Rule 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so

---

      [*]    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

requires." Id. "'This policy is to be applied with extreme liberality.'" C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir 2003)). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted) (citing Leighton, 833 F.2d at 186; Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, where there is no contention of undue prejudice, bad faith, futility, or undue delay, leave to amend is properly granted. Ascon Props., Inc., 866 F.2d at 1160.

For the stated reasons, Plaintiff's motion to amend the complaint is GRANTED. Plaintiff shall file the proposed Second Amended Complaint, which is attached to Plaintiff's motion to amend the complaint, within ten (10) days from the date on which this Order is filed.

Dated:  March 27, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge