UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDMOND E. SALERA,<br><br>Defendant. | No.  2:09-cv-2290 TLN DAD<br><br><br><br>FINDINGS & RECOMMENDATIONS |

This matter came before the court on July 12, 2013, for hearing of plaintiff United States of America's ("Government") motion for default judgment against defendant Edmond Salera. (Doc. No. 52.) Aaron Bailey, Esq. appeared on behalf of the plaintiff. No appearance was made by or on behalf of the defendant.

Oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

PROCEDURAL BACKGROUND

Plaintiff commenced this action on August 19, 2009, by filing its original complaint. (Dkt. No. 1.) A summons and a copy of the original complaint were personally served on defendant Salera on September 2, 2009. (Dkt. No. 32.) On September 24, 2009,

/////

1

plaintiff filed an amended complaint, (Dkt. No. 8), and served defendant with a copy of the amended complaint by mail. (Dkt. No. 15.)

On November 4, 2009, defendant Salera appeared and filed a "notice of opposition" to this action demanding a "Judicial hearing and trial befor (sic) a Judicial judge in a (sic) adversarial setting."[1] (Dkt. No. 17.) On December 7, 2009, plaintiff filed a notice indicating that the defendant had filed for bankruptcy, resulting in a stay of this action. (Dkt. Nos. 25 & 26.)

Thereafter the bankruptcy stay was lifted and on March 8, 2013, plaintiff filed a motion for leave to file a second amended complaint. (Dkt. No. 37.) That motion was granted on March 28, 2013, (Dkt. No. 41), and on March 29, 2013, plaintiff filed a second amended complaint. (Dkt. No. 42.) A copy of the second amended complaint was served on defendant Salera by mail. (Dkt. No. 42-4.) Within the second amended complaint plaintiff alleges that the defendant willfully failed to pay his outstanding assessments of federal income tax liabilities. (Id. at 1-4.[2])

On April 8, 2013, defendant filed a notice of change of address with the court. (Dkt. No. 44.) On April 22, 2013, this matter was referred to the undersigned by the assigned District Judge pursuant to Local Rule 302(c)(21). (Dkt. No. 46.) On April 26, 2013, the government filed a request for entry of default, (Dkt. No. 47), and served a copy of that request on defendant Salera by mail. (Dkt. No. 47-2.) On April 29, 2013, the Clerk of the Court entered defendant's default, (Dkt. No. 48), and a copy of that order was also served on the defendant Salera by mail.

/////

---

[1] An appearance is an indication "in some way [of] an intent to pursue a defense." United States v. McCoy, 954 F.2d 1000, 1003 (5th Cir. 1992). See also Muniz v. Vidal, 739 F.2d 699, 700 (1st Cir. 1984) ("The defaulting party has appeared, for purposes of this rule, if he has indicated to the moving party a clear purpose to defend the suit."); Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977) ("The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court."); Horne v. Scott's Concrete Contractor, LLC, Civil Action No. 12-cv-1445 WYD KLM, 2013 WL 3713905, at *4 (D. Colo. Apr. 24, 2013) ("Defendant O. Scott's letter constitutes an appearance in the case.").

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

On May 20, 2013, defendant filed a motion to set aside default. (Dkt. No. 49.) Defendant, however, failed to set the matter for hearing before the undersigned, in violation of Local Rule 230(b). Accordingly, on May 28, 2013, the courtroom deputy to the undersigned notified defendant Salera of this defect in a minute order which noted that the undersigned hears civil law and motion matters on Friday's at 10:00 am, advised defendant to file and serve an amended motion that complied with Local Rule 230(b) and provided defendant with a telephone number to arrange telephonic appearance at any noticed hearing. (Dkt. No. 51.)

On June 5, 2013, plaintiff filed the motion for default judgment now pending before the court, (Dkt. No. 52), served defendant with a copy of the motion by mail, (Dkt. No. 52-6), and noticed it to be heard before the undersigned pursuant to Local Rule 302(c)(19). On June 17, 2013, defendant Salera filed a motion to dismiss. (Dkt. No. 53.) However, defendant again failed to notice the motion for hearing before the undersigned and, therefore, the courtroom deputy for the undersigned again issued a minute order notifying defendant of this defect. (Dkt. No. 55.) On July 11, 2013, defendant filed a motion to dismiss, (Dkt. No. 56), and a motion seeking an order of contempt, (Dkt. No. 57.) Consistent with his prior filings, defendant Salera failed to properly notice these motions for hearing before the undersigned.

The hearing of plaintiff's motion for default judgment came before the court on July 12, 2013. (Dkt. No. 58.) Despite being served with all papers filed in connection with the motion, there was no opposition filed nor appearance made by or on behalf of defendant Salera at the July 12, 2013 hearing.[3]

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee

---

[3] On July 31, 2013, the courtroom deputy to the undersigned for a third time issued a minute order concerning defendant's failure to properly notice his motions for hearing, this time with respect to the motions filed by defendant on July 11, 2013. (Dkt. No. 60.) Given the repeated issuance of these minute orders, and their clarity, the undersigned can only conclude that defendant Salera's failure to notice his motions for hearing in violation of the Local Rules was willful.

3

Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's second amended complaint, taken as true pursuant to the entry of default against the defendant, establish, in relevant part, the following circumstances: (1) between 1990 and 1992 defendant Salera acquired two parcels of real property; (2) by placing the title to the real property in the names of nominees, while defendant maintained actual control and ownership of the real property, defendant attempted to shield these assets from creditors including the United States; (3) in a case before the United States Tax Court, the court determined that the defendant understated his income by $250,781 for the 1997 tax year

and by $264,439 for the 1998 tax year; (4) defendant's 1999, 2000 and 2001 federal income tax liabilities were the subject of a second case before the United States Tax Court; (5) the court in the second action determined that the defendant had not reported earned income and failed to support claimed deductions for the periods at issue; (5) on November 19, 2009, defendant filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California; (6) after a trial was held, it was determined that defendant Salera had exerted control over the real property at issue and that the real property was part of the bankruptcy estate; and (7) accordingly it was ordered that the real property be sold as requested by the Chapter 7 trustee.[4]  (Sec. Am. Compl. (Dkt. No. 42) at 2-4.)

Based on these factual allegations, plaintiff prays for an order ordering that defendant Salera is indebted to the government in the sum of $1,166.552.41, plus interest, that the government be awarded this amount, that the court find that this amount is exempt from Salera's Chapter 7 bankruptcy pursuant to 11 U.S.C. § 523(a)(1)(C), and that the government be granted its costs in bringing this action.  (Id. at 8.)

As noted above, plaintiff's original complaint and summons were personally served upon defendant Salera on September 2, 2009.  (Dkt. No. 32.)  Thereafter, defendant appeared in this action and was served by mail with a copy of the second amended complaint.  (Dkt. No. 47-2.)  The undersigned finds that the defendant was properly served with the second amended complaint and that the Clerk properly entered the default of the defendant on April 29,

---

[4]   The court takes judicial notice of Salera v. C.I.R., 113 Fed. Appx. 240, 241 (9th Cir. 2004) (granting the Commissioner's motions for sanctions and affirming the decision of the Tax Court); In re Edmond Salera, Bk Case No. 09-45362-C-7 (Bnkr. E.D. Cal. Nov. 16, 2011) (attached as Ex. A to the Second Amended Complaint) (finding that the real property at issue was property of the bankruptcy estate); and Salera v. C.I.R., No. 14682-03 (T.C. Nov. 23, 2004) (attached as Ex. B. to the Second Amended Complaint) (assessing tax deficiencies and penalties totaling $286,221.6).  In this regard, a court may take judicial notice of its own files and documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000); see also FED. R. EVID. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

1   2013. (Dkt. No. 48.) Defendant was also served with both plaintiff's request for entry of default,
2   (Dkt. No. 47-2), and application for default judgment by the court. (Dkt. No. 52-6.) Despite
3   being served with process and all papers filed in connection with plaintiff's request for entry of
4   default and motion for default judgment, defendant failed to properly respond to plaintiff's
5   second amended complaint, plaintiff's request for entry of default, or plaintiff's motion for
6   default judgment.

7   After weighing the Eitel factors, the undersigned finds that the material allegations
8   of the second amended complaint support plaintiff's claims. Plaintiff will be prejudiced if default
9   judgment is denied because plaintiff has no other recourse for recovery of the damages suffered
10  due to the defendant's failure to comply with the levy. In light of the entry of default against
11  defendant, there is no apparent possibility of a dispute concerning the material facts underlying
12  the action. Nor is there any indication that defendant's default resulted from excusable neglect.
13  In this regard, the defendant appeared in this action, was served with plaintiff's second amended
14  complaint and acknowledged receiving plaintiff's request for entry of default but nonetheless
15  refused to properly respond to either plaintiff's second amended complaint or to plaintiff's motion
16  for default judgment despite having had ample time to do so.

17  Although public policy generally favors the resolution of a case on its merits
18  defendant's failure to defend against plaintiff's claims has made a decision on the merits
19  impossible in this case. Because most of the Eitel factors weigh in plaintiff's favor, the
20  undersigned, while recognizing the public policy favoring decisions on the merits, and
21  recognizing that the amount at stake in this action is not insignificant, will recommend that
22  default judgment be entered against the defaulted defendant. See United States v. Russ Brothers,
23  Inc., No. 2:12-cv-1668 WBS DAD, 2013 WL 3816490, at *3 (E.D. Cal. July 22, 2013); United
24  States v. Campbell, No. 2:11-cv-2826 MCE EFB, 2013 WL 3490740, at *6 (E.D. Cal. July 10,
25  2013); United States v. China China, Inc., No. C-11-2065 EDL, 2011 WL 4404941, at *3 (N.D.
26  Cal. Aug. 31, 2011).
27  /////
28  /////

II. <u>Terms Of Judgment To Be Entered</u>

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. By its motion for default judgment plaintiff seeks an updated total judgment against defendant for unpaid taxes and interest in the amount of $1,202.454.05. (MDJ. (Dkt. No. 52-1) at 8.)

> In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due.

<u>Oliver v. United States</u>, 921 F.2d 916, 919 (9th Cir. 1990).

Here, in support of the amount requested the government has submitted the declaration of Michael Norris, an Advisor with the Advisory Insolvency Group within the Internal Revenue Service, (Dkt. No. 52-2), copies of Certificates of Assessments and "490" Activity Summaries, (Dkt. No. 52-3), and a copy of the November 23, 2004 decision of the United States Tax Court. (Dkt. No. 42-4.) The undersigned finds that the government has satisfied its initial burden of proof. <u>See</u> <u>Oliver</u>, 921 F.2d at 919 ("Normally, introduction of the assessment establishes a prima facie case."); <u>see</u> also <u>United States v. Stonehill</u>, 702 F.2d 1288, 1293 (9th Cir. 1983) ("Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case."); <u>United States v. Combs</u>, No. 1:12-cv-0052 AWI SMS, 2012 WL 5356037, at *3 (E.D. Cal. Oct. 30, 2012) ("These Certificates of Assessment also conclusively demonstrate that the unpaid balances due on the relevant assessments against Defendant Leroy Combs, with accrued interest, penalties, and other statutory additions as of January 5, 2012, is $1,120,146.61."); <u>United States v. Carey</u>, No. 2:05-CV-2176 MCE CMK, 2007 WL 1994211, at *5 (E.D. Cal. July 5, 2007) ("In the present matter, the United States has submitted the IRS Form 4340 Certificates showing the Careys' tax assessments. Such tax assessments are presumed to be correct as long as they have a minimum of factual support."). Moreover, in this case defendant Salera has elected to not contest the amount of the assessments or the balances due. Accordingly, in light of this record, the undersigned will recommend that judgment be entered against the defaulted defendant, and that plaintiff be awarded $1,202.454.05.

/////

Plaintiff has also requested that post judgment interest accrue on the award, (Dkt. No. 52-1) at 8), and the undersigned will so recommend.  See Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995) ("Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory."); Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) ("Interest accrues from the date of a judgment whether or not the judgment expressly includes it").

Finally, plaintiff seeks an order providing that defendant's federal tax debts for the years 1997, 1998, 1999, 2000 and 2001 are excepted from discharge, (MDJ (Dkt. No. 52-1) at 8), pursuant to 11 U.S.C. § 523(a)(1)(C) which excepts from discharge a tax debt to which "the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." In support of this request plaintiff cites to the November 23, 2004 decision of the United States Tax Court which found, in relevant part, that defendant Salera "did not report all of his income," "attempted to assign his own income from self-employment to Bella Vista Chiropractic Trust," and "carelessly, recklessly, and intentionally disregarded internal revenue rules and regulations." (Dkt. No. 42-2 at 15-16.)  Plaintiff also cites to the August 25, 2011 findings and conclusions of law of the United States Bankruptcy Court in which the court found that defendant Salera did not establish a valid trust, stating:

> In other words, you [plaintiff] have taken your assets, put them in a trust and yet continued to use those assets for your benefit, and because of that, that is an attempt by you . . . to shelter your assets from the reach of creditors, which is just plain wrong.

(Dkt. No. 42-1 at 22.)

In light of this record, the undersigned will recommend that defendant's federal tax debts for the years 1997, 1998, 1999, 2000 and 2001 be ordered excepted from discharge.  See United States v. Coney, 689 F.3d 365, 374 (5th Cir. 2012) ("Our sister circuits have uniformly concluded that a debtor's attempt to avoid his tax liability is considered willful under § 523(a)(1)(C) if it is done voluntarily, consciously or knowingly, and intentionally, and have declined to require that a debtor engage in such an attempt with the specific intent to defraud the IRS."); In re Mitchell, 633 F.3d 1319, 1328 (11th Cir. 2011) ("Accordingly, the established rule

in this Circuit is that a debtor's tax debts are non-dischargeable if the debtor acted knowingly and deliberately in his efforts to evade his tax liabilities."); see also In re Toti, 24 F.3d 806, 809 (6th Cir. 1994) ("We believe that a plain reading of § 523(a)(1)(C) includes both acts of commission and acts of omission."); cf. Matter of Birkenstock, 87 F.3d 947, 952 (7th Cir. 1996) ("This willfulness requirement prevents the application of the exception to debtors who make inadvertent mistakes, reserving nondischargeability for those whose efforts to evade tax liability are knowing and deliberate.").

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's June 5, 2013 motion for default judgment (Dkt. No. 52) against defendant Edmond E. Salera be granted;

2. Judgment be entered against defendant Edmond E. Salera for individual income tax liabilities for the 1997, 1998, 1999, 2000 and 2001 tax years in the amount of $1,202,454.05;

3. That post judgment interest accrue on this award pursuant to 28 U.S.C. § 1961;

4. That defendant Edmond E. Salera's federal tax debts for the years 1997, 1998, 1999, 2000 and 2001 be ordered excepted from discharge pursuant to 11 U.S.C. § 523 (a)(1)(C); and

5. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure

/////
/////
/////
/////

to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2013

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\salera2290.mdj.f&rs.docx